LAWRENCE L. BEALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beall v. Commissioner
Docket No. 27936-87.
United States Tax Court
T.C. Memo 1988-247; 1988 Tax Ct. Memo LEXIS 275; 55 T.C.M. (CCH) 1024; T.C.M. (RIA) 88247; June 6, 1988
*275 Lawrence L. Beall, pro se. Elaine Geer, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax for his 1980 and 1981 taxable years as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6651(a)(1)
Sec. 6654
1980
$ 9,344.59
$ 467.23
--
$ 1,973.40
$ 486.19
1981
431.00
21.55
50% percent of
107.75
60.34
interest due on
$ 431.00
The issues for decision are whether petitioner had unreported items of income in the years 1980 and 1981, which gave rise to the determined deficiencies, and whether petitioner is liable for the above-stated additions to tax for negligence, failure to timely file his returns, and failure to pay estimated tax. Petitioner resided in Chicago, Illinois, when he filed his petition in this case. The notice of deficiency *276 identified five specific sources of income for 1980 and 1981. Petitioner bears the burden of proof with respect to the determined deficiencies. ; Rule 142(a). Petitioner's testimony at trial was brief and addressed no facts regarding the receipt or amounts of these items. Petitioner has failed to meet his burden of proof on the issue of unreported income. Petitioner also bears the burden of proving he is not liable for the additions to tax under sections 6653(a)(1) and (2), 6651(a)(1), and 6654. Rule 142(a). Petitioner failed to offer any evidence or testimony regarding these additions to tax. Respondent's determinations are sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩